STATE EX REL. UNITED STATES RUBBER COMPANY, Petitioner, vs. GREGORY, Circuit Judge, Respondent.

*April 7—May 12, 1931.*

*W. J. McCauley* and *James E. Coleman,* both of Milwaukee, for the petitioner.

*Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham* and *Leonard J. Kleczka* of counsel, all of Milwaukee, for the respondent.

ROSENBERRY, C. J. Josephine Szopinski was employed at the Milwaukee factory of the Weyenberg Shoe Manu-

facturing Company. The Weyenberg Shoe Manufacturing Company purchased from the relator a certain kind of liquid rubber cement for use in its business. As a result of the use of this cement by Mrs. Szopinski she was poisoned, from the results of which she died. Compensation was awarded under the workmen's compensation act and this action is begun by the administratrix of her estate under the provisions of the act relating to third parties (sec. 102.29, Stats.).

The deceased was employed from February 1, 1929, to May 27, 1929, and died June 24, 1929. For a number of years prior to August 15, 1930, the relator, a foreign corporation, was qualified to do business in the state of Wisconsin, under the laws relating to foreign corporations. On August 15, 1930, the defendant filed an affidavit of withdrawal from the state of Wisconsin as a foreign corporation but did not cease to do business in the state until September, 1930. It is not contended that the relator had any direct contractual relations with the deceased, Josephine Szopinski. It appears that prior and during the time that the deceased was employed by the Weyenberg Shoe Manufacturing Company and while the relator was authorized to transact business in this state, that company was solicited by the representatives of the relator for orders for the liquid rubber cement. Such orders were given and filled by the shipment of the goods from some point without the state by a common carrier selected by relator to the Weyenberg Shoe Manufacturing Company in Milwaukee.

Sec. 226.02 (3) (f), relating to the conditions of admission of foreign corporations to the state of Wisconsin, provides:

"226.02 (3) Such corporation, by its president, secretary, treasurer or general manager, shall make and forward to the secretary of state, with the articles of association or incorporation above provided for, a statement duly sworn to, stating: . . .

"(f) Shall constitute and appoint the secretary of state its true and lawful attorney upon whom the summons, notices, pleadings or process in any action or proceeding against it may be served in respect to any liability arising *out of any business,* contract or transaction in this state, and stipulate that service thereof upon the secretary of state, or his assistant, shall be accepted irrevocably as a valid service upon it, and that such appointment and stipulation shall continue in force irrevocably so long as any liability of such corporation remains outstanding in this state."

The question therefore is, Is the liability of the relator under the allegations of the complaint one "arising out of any business, contract or transaction in this state?" The liability certainly does not arise out of a contract or a transaction as that term is defined in the law of this state. If liability exists it is one in the nature of a tort and arises because the defendant in the course of its Wisconsin business sold and delivered a poisonous substance without taking such precaution or giving such warning as the exercise of ordinary care required it to do to prevent injury to those persons using the substance. The phrase "arising out of any business," while it is indefinite, is certainly very broad and can refer to nothing but tort liabilities. All other liabilities are covered by the terms "contract" and "transaction." The relator having been domiciled within the state of Wisconsin at the time the deceased sustained her alleged injuries, its liability, if any, was one arising out of such business, and the secretary of state was, by the express language of the section, a proper party upon whom to serve process in a suit in which it was sought to enforce the liability.

It is argued in briefs of counsel that the fact that the liquid rubber cement furnished was sold pursuant to solicitations of agents and shipped to the Weyenberg Shoe Manufacturing Company from without the state makes the transaction one in interstate commerce and therefore the liability

does not arise out of any business transacted in this state. We see no necessity in a case like this to indulge in any refinements as to whether the relator was or was not transacting business within the state of Wisconsin. It admitted that it was transacting business here; it qualified itself to do business here; it maintained an office within the state from which it directed the work of its agents and salesmen; it took and transmitted the orders, and with respect to such transactions as it had with the defendant company it was clearly transacting business within the state by its own admission. If the petitioner and defendant had breached a contract of sale made with the Weyenberg Shoe Manufacturing Company, can there be any doubt that service could have been had upon relator by serving the secretary of state? If instead of sending by common carrier the relator had delivered the goods by its own truck and the driver of the truck had negligently run over and injured some person on the highway although the delivery was being made pursuant to a sale which might otherwise have constituted interstate commerce, could it be doubted that service could be had upon the company in a suit brought by the injured party by serving the secretary of state? This is not a suit upon a transitory cause of action which did not arise within the state. If a cause of action exists at all it arose in this state and it could not arise otherwise than out of business transacted in the state. The statute clearly is not limited to contract relations. If that construction be placed upon it, then the words "arising out of any business" are meaningless. If the petitioner and defendant is guilty of any tort in connection with its business, its liability arose out of the business, and by the express language of the statute service might properly be had upon it by serving the secretary of state.

*By the Court.*—Motion is denied.